UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOUIS BOROWICZ, ) | Case No. 1:09-cv-00785 |
| Plaintiff, ) | JUDGE ANN ALDRICH |
| v. ) | |
| ALZA CORPORATION, et al., ) | MEMORANDUM AND ORDER |
| Defendants. ) | |

Before this court is plaintiff Louis Borowicz's ("Borowicz") motion for leave to amend the original complaint and to remand this case to state court. Defendants ALZA Corporation ("ALZA") and Sandoz, Inc. ("Sandoz") are foreign corporations. For the following reasons, this court grants Borowicz's motions.

**I.    Background**

Donna Smith ("Smith") died on December 17, 2006, of unknown causes. On February 26, 2007, the investigating coroner signed an autopsy report indicating that Smith died of a fentanyl overdose. The overdose was caused by two fentanyl patches prescribed to her by Dr. Karen Evans ("Evans"). Borowicz was appointed as the administrator of Smith's estate shortly before the complaint was filed on February 24, 2009. In the complaint, Borowicz named the patch manufacturer and distributor as defendants. Borowicz also named John Does 1-25 as defendants. Borowicz claimed that the John Doe defendants "negligently diagnosed, prescribed, and/or monitored" Smith and their names "could not be discovered with reasonable diligence before filing this complaint."

Because Ohio law requires medical malpractice suits to be accompanied by an affidavit of merit which Borowicz did not have at the time, he contemporaneously filed a motion to extend the period of

time to file the affidavit. His motion stated that the medical records necessary for naming the John Doe defendants and obtaining the affidavit of merit were in the possession of third parties. Borowicz's motion was granted on March 17, 2009, and the court extended the deadline for filing the affidavit of merit until May 22, 2009.

On April 7, 2009, the defendants removed the case to this court. Shortly thereafter, on April 29, 2009, Borowicz obtained the necessary medical records from the Adena Bone and Joint Center. On May 7, 2009, Dr. Christopher Grubb ("Grubb") issued an affidavit of merit, wherein he concluded that Dr. Evans breached the standard of care to Smith. Finally, on May 11, 2009, Borowicz filed the instant motion, seeking (1) leave to amend the complaint to reflect the fact that the fentanyl patches were manufactured by ALZA and were distributed by Sandoz; (2) leave to join non-diverse parties Evans and Adena Health System ("Adena") as defendants; and (3) an order remanding this case to state court for lack of diversity jurisdiction. The defendants contend that an amendment that destroys diversity would be improper.

## II. STANDARD

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). The phrase "between . . . citizens of different states" has been interpreted as requiring that no plaintiff and defendant share the same state citizenship. See *Strawbridge v. Curtis,* 7 U.S. (3 Cranch) 267, 267-68, 2 L.Ed. 435 (1806). All doubts as to the propriety of removal are resolved in favor of remand. *Coyne v. American Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999)

Under Federal Rule of Civil Procedure 15(a), a plaintiff must obtain the defendant's written consent or leave of the court to amend a complaint after the defendant has answered. Although "[t]he court should freely give leave when justice so requires," see FRCP 15(a)(2), the court may deny an

-2-

amendment seeking to "join [an] additional defendant [ ] whose joinder would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e).  "The Sixth Circuit has not provided any guidance for courts regarding their exercise of discretion to permit the joinder of a non-diverse party under 28 U.S.C. § 1447(e)." *Bridgepointe Condominiums, Inc. v. Integra Bank Na'l. Ass'n*, No. 08-875-C, 2009 WL 700056, at *2 (Mar. 13, 2009 W.D. Ky.).  However, district courts in this circuit consider: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *See id.; City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 823 (N.D. Ohio 2008).  The first factor is considered "to be of paramount importance." *City of Cleveland*, 571 F. Supp.2d at 824.

## III. DISCUSSION

Borowicz argues that he is not seeking the amendment for the purpose of defeating this court's jurisdiction, that he did not delay in seeking the amendment, and that he would be prejudiced if the amendment is not allowed.  First, Borowicz argues that he is not attempting to join Evans and Adena as defendants for the purpose of defeating diversity jurisdiction.  In his complaint, Borowicz made claims against John Does 1-25, who "negligently diagnosed, prescribed, and/or monitored" Smith.  In addition, he indicated to the state court that he was attempting to discern the identities of those individuals for the purpose of filing an affidavit of merit and amending the complaint to assert a malpractice claim against them.  Thus, it is clear that Borowicz was attempting to join Evans and Adena long before the case was removed to this court.  The legitimacy of Borowicz's claims, as demonstrated by Grubb's affidavit of merit, further underscores that the joinder of the non-diverse parties is not for the purpose of defeating this court's diversity jurisdiction.

Second, Borowicz argues that he did not delay in attempting to add Evans and Adena.  He received the medical records on April 29, 2009 and filed the instant motion on May 11, 2009.  Finally,

Borowicz argues that denying him leave to amend the complaint will prejudice him, as denying the amendment forecloses the possibility of his asserting a claim for malpractice.

The defendants oppose Borowicz's motion on two grounds. First, they argue that the statute of limitations against Evans and Adena had expired by the time the complaint was filed on February 24, 2009. Second, they argue that Borowicz could have identified the "John Doe" defendants at the time he filed the complaint, rendering the relation back benefit of Ohio Civil Rule 15(D) inoperable.

In Ohio, wrongful death claims are governed by a two-year statute of limitations that commences at the time of the decedent's death. Ohio Rev. Code § 2125.02(D). Ohio courts, however, have held that the statute of limitations does not necessarily begin on the date of the decedent's death because "in some cases a party may not reasonably be aware that the decedent's death may have been the result of wrongful conduct until the occurrence of some event after the decedent's death." *Burden v. Lucchese*, 877 N.E.2d 1026, 1032 (Ohio Ct. App. 2007).

Here, the defendants argue that the statute of limitations began to run on the date of Smith's death, or December 17, 2006, thus rendering the claim against Evans and Adena untimely. Borowicz, however, could not possibly have known that Smith's death was attributable to a fentanyl overdose until the coroner signed the autopsy report on February 26, 2007. The defendants have not produced any evidence or argument to suggest otherwise. This court, therefore, finds that the statute of limitations did not begin to run until February 26, 2007. Borowicz's complaint, therefore, was timely.

The defendants also argue that the amendment to name Evans and Adena as defendants must relate back to the original complaint pursuant to federal and state rules of civil procedure. Federal Rule of Civil Procedure 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." FED. R. CIV. P. 15(c)(1)(A); *see also Jones v. Motley*, No. 07-111-HRW, 2009 U.S. Dist. LEXIS

-4-

46492, at *13-14 (E.D. Ky. May 25, 2009) ("[I]f state law permits relation back when the federal rules would not, the more forgiving state rule controls."). Ohio law provides as follows:

> When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

Ohio Civil Rule 15(D). Under Ohio Civil Rule 3(A), a plaintiff naming a John Doe defendant per Ohio Civil Rule 15(D) has one year from the filing of the complaint in which to identify and serve the unknown defendant.

The defendants seem to concede that Borowicz has complied with Ohio Rule 15(D). Nonetheless, they argue that this rule is inapplicable because Borowicz and Smith's survivors could have identified Evans and Adena at the time that the complaint was filed. *See Clint v. R.M.I. Co.*, No. 57187 & 57258, 1990 WL 204348 (Dec. 13, 1990); *Mark v. Mellot Mfg. Co.*, No. 1494, 1989 WL 106933 (Sept. 13, 1989). As proof of their claim that Borowicz and Smith's survivors could have identified Evans at the time the complaint was filed, the defendants offer photocopies of Smith's prescription boxes provided by Borowicz. These prescription boxes have Evans' name printed thereon. The defendants state that "[i]t would appear that the box was available to the decedent's survivors long before the Complaint was filed." [Doc. 8, at 10 n.6]. The defendants' conclusion, however, amounts to little more than mere conjecture. It has not been established when Borowicz or Smith's survivors discovered the boxes with Evans' name on them. What has been conclusively established, however, is that Borowicz received Smith's medical records from the Adena Bone and Joint Center on April 29, 2009, naming Evans as the prescribing physician. [Doc. 10-2]. Thus, this court concludes from the evidence before it that the identities of Evans and Adena were not known until April 29, 2009.

Borowicz has adequately established that he is not seeking the amendment for the purpose of defeating this court's jurisdiction, that he did not delay in seeking the amendment, and that he would

-5-

be prejudiced if the amendment is not allowed. The defendants have failed to establish that the statute of limitations has expired or that Borowicz and Smith's survivors could have known the identities of Evans and Adena at the time t the complaint was filed. Consequently, this court must grant Borowicz's motion to amend the complaint and remand the case to state court.

## IV. CONCLUSION

For the reasons stated above, the motion to remand [Doc. No.7] is granted. A certified copy of this Order of Remand shall be mailed by the Clerk of the United States District Court for the Northern District of Ohio to the Clerk of the Cuyahoga County Court of Common Pleas. This order is final but not appealable.

IT IS SO ORDERED.

        */s/ Ann Aldrich*
        ANN ALDRICH
        UNITED STATES DISTRICT JUDGE

**Dated: June 24, 2009**